**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**ANTHONY KLEIN,**
        **Plaintiff,**

and

**BLUE CROSS BLUE SHIELD OF WISCONSIN,**      Case No. 11-CV-00528
        **Involuntary Plaintiff,**

    v.

**AT&T SERVICES, INC., and**
**EDWARD HAGGER,**
        **Defendants.**

---

## DECISION AND ORDER

Plaintiff Anthony Klein brings this action against defendant AT&T Services, Inc. ("AT&T") and its employee, defendant Edward Hagger, alleging that defendants violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., as a result of Hagger's sexual harassment of Klein. Klein also names Blue Cross Blue Shield of Wisconsin ("Blue Cross") as an involuntary plaintiff based on its subrogated interest. Pursuant to Fed. R. Civ. P. 12(b)(6), AT&T now moves to dismiss the complaint. In evaluating AT&T's motion, I assume that the facts alleged in the complaint are true and draw all reasonable inferences in Klein's favor. I may grant the motion only if Klein fails to allege a plausible claim. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

Klein alleges that he began working for AT&T in May 2006 and that around April 2009, Hagger, one of Klein's supervisors, began to harass him by making sexual

comments and unwelcome sexual advances and by asking him for sexual favors. Klein further alleges that Hagger knew that his advances were unwelcome but continued to harass him and that the harassment increased in intensity over the next 16 months. As a result, Klein alleges that his workplace performance and attendance suffered and he had to undergo counseling.

An employer is liable for sexual harassment under Title VII if a supervisor sexually harasses an employee in a manner that is so severe or pervasive that it alters the conditions of the victim's employment and creates an abusive work environment. 42 U.S.C. § 2000e-2(a)(1); Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 67 (1986). Assuming as I must that Klein's allegations are true, Klein describes a pattern of sexual harassment that is severe or pervasive. Therefore, I conclude that Klein states a plausible Title VII claim against AT&T.[1]

However, AT&T also argues that Klein's complaint and the charge that Klein filed with the EEOC[2] contain facts which provide AT&T with an affirmative defense, and that, therefore, Klein pleads himself out of court. "A party pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits." Tamayo v. Blagojevich, 526 F.3d 1074, 1086 (7th Cir. 2008). Since Klein does not allege that he suffered a tangible employment action, such as being terminated or demoted, AT&T has

---

[1]Klein's claim against Hagger will likely have to be dismissed because Hagger appears not to be an "employer" within Title VII. See Williams v. Banning, 72 F.3d 552, 555 (7th Cir. 1995).

[2]Because the charge is a public document, I may consider it without converting AT&T's motion into one for summary judgment. See, e.g., Henson v. CSC Credit Servs., 29 F.3d 280, 284 (7th Cir. 1994).

an affirmative defense if it can prove that: 1) it exercised reasonable care to prevent and correct sexual harassment in the workplace, and 2) Klein unreasonably failed to take advantage of internal complaint procedures or other opportunities to avoid harm. Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 765 (1998). Klein acknowledges that he did not file an internal complaint against Hagger until 16 months after the abuse began and that, in response to his complaint, AT&T transferred Hagger to another department at which point the harassment ended.

Although this acknowledgment suggests that it is likely that AT&T will prevail on its affirmative defense, it does not conclusively establish the defense. The complaint does not indicate when AT&T implemented the internal harassment complaint procedure or when it notified employees about the procedure. Nor does it include any details about the processing of Klein's complaint. Thus, it is possible that AT&T's efforts to prevent sexual harassment were insufficient and/or that Klein's delay in filing his complaint was reasonable. Thus, I cannot say that Klein pleads himself out of court.

As to AT&T's motion directed at Blue Cross's claim, Blue Cross failed to respond. Therefore, I will grant the motion. See Civil L. R. 7(d).

**THEREFORE, IT IS ORDERED** that AT&T's motion to dismiss Klein's Title VII claim is **DENIED** and its motion to dismiss Blue Cross's subrogation claim is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 29th day of September 2011.

                                                               s/_____
                                                               LYNN ADELMAN
                                                               District Judge